**Tulinagwe THANDIWE,**
**Petitioner/Appellant,**

**v.**

**Charles TRAUGHBER, et al.,**
**Respondents/Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Nov. 2, 1994.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 30, 1995.

Tulinagwe Thandiwe, Pro Se.

Charles W. Burson, Attorney General & Reporter, Eugene J. Honea, Assistant Attor-

ney General, Nashville, for respondents/appellees.

## OPINION

LEWIS, Judge.

This is an appeal by the petitioner/appellant from the judgment entered in the Chancery Court for Davidson County, dismissing petitioner/appellant's petition for a writ of certiorari because of lack of subject matter jurisdiction.

The sole issue on appeal is: "Whether the Davidson County Chancery Court was correct in dismissing the petition for a writ of certiorari for lack of subject-matter jurisdiction because the petitioner failed to comply with the jurisdictional prerequisites of Tenn. Code Ann. § 27–9–102."

Tennessee Code Annotated section 27–9–102 provides that a party aggrieved by an order or judgment of a board or commission may have the order or judgment reviewed by the courts and

Such party shall, within sixty (60) days from the entry of the order or judgment, file a Petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

*Tenn.Code Ann.* § 27–9–102 (1980).

■ The legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue. *Fairhaven Corp. v. Tennessee Health Facilities Comm'n.,* 566 S.W.2d 885 (Tenn.App. 1976).

Here, the petitioner/appellant on 8 February 1994 filed a petition for a writ of certiorari in the Chancery Court for Davidson County. The petition recited, *inter alia,* that the petitioner had filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee. The District Court had dismissed the petition

because: the petitioner had not exhausted his state remedies; the petitioner had filed a writ of Mandamus to the Sixth Circuit Court of Appeals "showing that I don't have to exhaust state remedies;" the petitioner filed a petition for reconsideration after the Sixth Circuit denied his petition on 24 January 1994; and the petitioner filed suit in the Chancery Court "even though I know for a fact I don't have to exhaust state remedies."

In pertinent part, the petition for habeas corpus relief stated that the ground on which petitioner asserted that he is entitled to federal habeas corpus relief is: "The Parole Board den[ied] petitioner his freedom, base[d] on the erroneous information given by the Department of Correction and totally disregard[ed] plaintiff['s] authentic official[ ] documents showing he is wrongfully detained on lock-up which violate[s] his [rights under the] 8th, 14th amendment[s]." The petition also asserts that petitioner/appellant met with the Tennessee Board of Paroles on 6 August 1991, was denied parole, and was again denied parole on 3 February 1992.

The defendants/appellees filed a motion to dismiss the petition for writ of certiorari for lack of subject matter jurisdiction. The Chancellor filed a memorandum and order granting the defendants' motion to dismiss because the petitioner failed to comply with the jurisdictional prerequisites of Tennessee Code Annotated section 27–9–102 in that the petitioner failed to file his petition within the sixty (60) days allowed by the statute.

The petitioner/appellant was before the Board of Paroles on 6 August 1991 and 3 February 1992, and on both occasions, the Board of Paroles denied the petitioner parole. The petitioner filed a petition for writ of certiorari in the Chancery Court for Davidson County, seeking review of the parole board's decision on 8 February 1994, some two years after the last decision of which he complains.

■ Actions of the Board of Parole are reviewable by the common law writ of certiorari. *Brigham v. Lack* 755 S.W.2d 469, 471 (Tenn.Crim.App.1988).

■ A petition for certiorari must be filed within sixty (60) days from and after the

entry of the order or judgment of the Board decision complained of, in order to seek review. Tenn.Code Ann. § 27–9–102. Here, the petitioner failed to comply with this prerequisite, which is jurisdictional.

█ The time limits apply to both the common law and statutory writs of certiorari. *Fairhaven Corp.*, 566 S.W.2d at 886. The failure to file within the statutory time limits results in the Board's decision becoming final, and once the decision has become final, the Chancery Court is deprived of jurisdiction. *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn.App.1984); *Fairhaven Corp.*, 566 S.W.2d at 887.

█ The time requirement for filing a petition of certiorari is analogous to the requirements of Tennessee Rule of Appellate Procedure 4. Our courts have held, relying in part on *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), that the rule is mandatory and jurisdictional. *See, e.g., State v. Williams*, 603 S.W.2d 157, 158 (Tenn.Crim.App.1980); *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn.App.1983). Following the 1983 amendment to Rule 4, the time limit is not jurisdictional in criminal cases, but remains jurisdictional in civil cases. *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 n. 5 (Tenn.App.1985). The petitioner's petition in this case is in the nature of a civil case.

█ The petitioner/appellant failed to comply with the jurisdictional prerequisites for judicial review of the Board's decision which declined to grant him parole. He failed to timely file his petition with the Chancery Court. Therefore, the Chancellor lacked subject matter jurisdiction and was correct in dismissing the petition.

The judgment of the Chancery Court is affirmed with the costs assessed to the petitioner/appellant. The cause is remanded to the Chancery Court for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.