EDDIE JOHNSON,                    )
                                  )
        Petitioner/Appellant,     )    Appeal No.
                                  )    01-A-01-9605-CV-00213
v.                                )
                                  )
TENNESSEE BOARD OF PAROLES,       )    Davidson Circuit
                                  )    No. 95C-1607
        Respondent/Appellee.      )

FILED

August 30, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., CHANCELLOR

EDDIE JOHNSON, Pro Se
103176 - L.C.R.C.F.
Route 1, Box 330
Tiptonville, Tennessee  38079-9775

CHARLES W. BURSON
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
Civil Rights and Claims Division
404 James Robertson Parkway
Suite 2000
Nashville, Tennessee  37243
        ATTORNEYS FOR RESPONDENT/APPELLEE

AFFIRMED AND REMANDED

# MEMORANDUM OPINION[1]

This is an appeal by petitioner/appellant, Eddie Johnson, from a decision of the chancery court dismissing his petition for writ of certiorari.

Petitioner is an inmate incarcerated at the Lake County Regional Facility. On 1 July 1993, the Board of Paroles ("the Board") granted him parole and then rescinded the parole on 14 October 1993. On 6 December 1994, a parole hearing officer conducted a hearing to determine whether the Board should release petitioner on parole. The hearing officer recommended releasing petitioner. The Board did not accept the hearing officer's recommendation and denied petitioner's parole because of the seriousness of his offense and his high risk. Petitioner requested an appeal. The Board informed petitioner that it had denied his request for an appeal in a letter dated 3 February 1995.

On 19 May 1995, petitioner filed a petition seeking a writ of certiorari to review the Board's decision which denied him release on parole. The Board filed a motion to dismiss the petition on 5 July 1995. The motion alleged that the trial court did not have jurisdiction to hear the matter because the petition was not timely filed pursuant to Tennessee Code Annotated section 27-9-102.

On 31 August 1995, the trial court dismissed the petition finding that petitioner's petition for writ of certiorari was not

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

timely filed. Petitioner filed a timely notice of appeal as to the trial court's decision. After reviewing the record, we are of the opinion that the trial court correctly found that the petition for common law writ of certiorari was not timely filed.

Tennessee Code Annotated section 27-9-102 provides that the petition for writ of certiorari must be filed within sixty days from the entry of the order or judgment complained of. This sixty day time limit is a jurisdictional prerequisite and applies both to common law and statutory writs of certiorari. **Thandiwe v. Traughber,** 909 S.W.2d 802, 804 (Tenn. App. 1994). The failure of one to file within the statutory time limit results in the administrative board's decision becoming final and in the trial court losing jurisdiction. **Id**.

Petitioner complains of two Board decisions in this case. These are the recision of his parole in 1993 and the denial of parole in 1995. Petitioner's claim as to the recision of his parole is clearly time barred. Petitioner filed the petition for writ of certiorari nearly two years after the Board decided to rescind petitioner's parole.

The viability of petitioner's second claim is more difficult to determine. In **Jennings v. Traughber**, No. 01A01-9509-CH-00390, 1996 WL 93763 (Tenn. App. 1996), this court addressed a similar issue. In that case, this court determined that the decision of the Board was not final until the Board informed the inmate that it had denied his request for an appeal. **Jennings**, 1996 WL 93763, at * 3. In **Jennings**, as in the present case, the Board informed the inmate by letter. This court used the date of the letter as the date of the entry of the Board's order. **Id.**

3

Applying this analysis to the present case, petitioner received the letter from the Board informing him that it had decided to deny his request for an appeal on 3 February 1995. Thus, the date from which the sixty days began to run was 3 February 1995. Petitioner filed his writ on 19 May 1995, more than sixty days after the entry of the Board's order. Petitioner's petition was not timely filed and the trial court correctly found that it did not have jurisdiction to hear the petition. The trial court properly dismissed the petition.

The judgment of the trial court is affirmed with costs assessed to the petitioner/appellant, Eddie Johnson. The cause is remanded to the trial court for any further necessary proceedings.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE

4