JONATHAN HYLER,                     )
                                    )
        Plaintiff/Appellant,        )
                                    )        Davidson Chancery Court
                                    )        No.  96-537-I
VS.                                 )
                                    )        Appeal No.
                                    )        01A01-9610-CH-00482
CHARLES TRAUGHBER, Chairman,        )
Tennessee Board of Paroles, et al., )
                                    )
        Defendants/Appellees.       )

FILED

February 7, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


Jonathan Hyler #130123
Turney Center Prison
Route 1
Only, TN 37140-9709
ATTORNEY FOR PLAINTIFF/APPELLANT


Teresa S. Thomas #12788
Counsel for the State
404 James Robertson Parkway
Suite 2000
Nashville, TN 37243
ATTORNEY FOR DEFENDANTS/APPELLEES


## REVERSED AND REMANDED.


                    HENRY F. TODD
                    PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL., JUDGE

JONATHAN HYLER,                        )
                                       )
        Plaintiff/Appellant,               )
                                       )      **Davidson Chancery Court**
                                       )      **No. 96-537-I**
VS.                                    )
                                       )      **Appeal No.**
                                       )      **01A01-9610-CH-00482**
CHARLES TRAUGHBER, Chairman,           )
Tennessee Board of Paroles, et al.,    )
                                       )
        Defendants/Appellees.              )


# O P I N I O N


The captioned petitioner has appealed from the judgment of the Trial Court dismissing his petition for certiorari from the action of the Board of Paroles denying his application for parole from the custody of the Department of Correction.


The petition, filed on February 20, 1996, is captioned "Petition for Cetiorari" (sic), but its first paragraph states:

> **NOW COMES**.....The Petitioner-Plaintiff Attorney Pro se, a Bona Fide pauper who avers this Court has Jurisdiction to entertain this meritious plea for Judicial Review under TCA 27-8-101 (Wallace Vs Bell 19 TAM 42-18. 9-21-1994) in that the Said Parole Board Exceeded its Jurisdiction, and Acted Illegally, Fraudently, and Arbitrarily in reaching its decision to Deny this Petitioner-Plaintiff A Parole.
>
> Petitioner-Plaintiff Appealled (sic) that decision 12-9-1995 was denied February 1st 1996.   Exibit "D" (sic)
>
> **HISTORY**
>
> Petitioner-Plaintiff was convicted after a Jury Trial in Davidson County July 1989, of one count of aggravated rape and two counts of rape and a 30 year sentence for the alledged (sic) aggravated rape and five years each on each count of rape and the sentences run concurrently.


Exhibit 4 to the petition appears to be a "Request for Appeal" signed by petitioner on December 14, 1995, and referring to a hearing held on October 30, 1995. The "Request for Appeal" states:

I am requesting an appeal of that hearing based on the following:

(1) Copys (sic)of Filings in Court Submitted/Not Guilty of Crime/A Crime that never happened....The Prejudice of the Case/Davidson County That Trial Counsel could not Investigate and Prepare a Defense, a Manifest of Injustice since July 25, 1989 (2) ...The Prejudice of the Hearing officer, as if, no more than a ...Ms. .. Feminist-Gender who demanded after No Guilty Pleas a Guilty Admittance before her demanded before even a parole could be considered, And some how has a Crystal Ball, that says that a white Female State Employee, like the Hearing Officer would lie after Consent Sex, and a boyfriend arrives as I left, beats her up, to compensate Bruises, says rape.

There is no other indication of the proceeding in which the appeal was instituted.

Defendants filed a motion to dismiss stating:

Come the respondents, by and through the office of the Tennessee Attorney General, and move the Court to dismiss the petition in this case pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. The petition was not filed within the sixty-day time limit provided by Tenn. Code Ann. § 27-9-102. The review sought by the petition is beyond the scope of review under the common-law writ of certiorari and the petitioner has no constitutionally protected right to parole. The petition should be dismissed because the petitioner has failed to state a claim upon which relief can be granted.

In support of this motion the respondents rely upon the affidavit of Terry Maniker, Legal Staff of the Tennessee Board of Paroles, and the memorandum of law filed with this motion.

The attached affidavit states:

2.    I am on the legal staff of the Board of Paroles and am one of the custodians of the files.

3.    I have reviewed the file of Inmate Jonathan Avery William Hyler/hereafter "Hyler," inmate number 130123.

4.    On July 25, 1989, a jury found Hyler guilty of Aggravated Rape (Count 1) and Rape (counts 2 and 3).

5.     Hyler was sentenced to 30 years, 5 years, and 5 years respectively, each sentence to be served concurrently with the other.

6.     On October 30, 1995, Hearing Officer Beth Williams conducted a parole eligibility hearing for Hyler and her non binding recommendation was to decline parole, based on "seriousness of offense" and set a rehearing date in November, 2000. (Affidavit Exhibit A, Board Action Sheet).

7.     On November 3, 1995, Tennessee Board of Paroles Chairman, Charles Traughber cast the final vote to accept the recommendation of the Hearing Officer. (Exhibit A).

The "Memorandum of Law" is not included in the record on appeal. Exhibit A to the affidavit is a copy of a "Notice of Board Action Parole Release Hearing" containing three sets of initials dated 11-2-95, 11-3-95 and 11-3-95.

The order of the Trial Court states:

The respondent has filed a motion to dismiss this petition for writ of certiorari due to the fact that the petitioner failed to file this cause within sixty days from the entry of the Board's final decision to deny him parole. In this cause, the Board's final order was issued on November 3, 1995. On January 2, 1996, the Board's decision became final. This petition was filed on February 20, 1996. Thus, this petition was filed more than sixty days after the Board's decision.

The petitioner alleges that he is required to exhaust administrative appeal procedures prior to petitioning for a writ of certiorari in this Court. More specifically, the petitioner alleges that because he filed a timely motion to appeal with the Board, he in fact filed within the sixty day time limit. The petitioner is in error. The sixty-day time period to file a writ of certiorari is not tolled by the Board of Parole's internal procedures. The petitioner can pursue both remedies, but these remedies are independent of each other.

The Court finds that the petitioner has failed to file this petition for writ of certiorari within the statutory time period. Thus, this Court is without jurisdiction to review his petition. For the fore-

-4-

> going reason, the respondent's motion is dismiss
> is GRANTED. Petitioner is assessed state
> litigation taxes.

The "Motion to Dismiss" refers to TRCP Rule 12.02, and states that the petition fails to state a claim for which relief can be granted. However, the motion is supported by an affidavit which indicates that the petition was not timely filed. It also appears that the decision of the Trial Court was based upon the affidavit as to timeliness. The judgment should therefore be reviewed as a summary judgment as provided by TRCP Rule 56. (See last sentence of Rule 12.02).

A petition for certiorari must be filed within 60 days from the entry of the order or judgment from which relief is sought. T.C.A. § 27-9-102; *Thandivre v. Traughber*, Tenn. App. 1994, 909 S.W.2d 802.

The affidavit, quoted above, does not comply with TRCP Rule 56.05 and does not state the date of entry of the final action of the Board. The date of the casting of the last vote of a member of the Board is not necessarily the date of the final action of the Board. Due process requires a formal order communicated to the affected party.

There is evidence that some form of administrative appeal was pursued, and the Trial Judge held that the pursuit of an administrative appeal did not delay the running of the 60 day limit for certiorari. This Court is unaware of any authority to this effect, and none has been cited by appellees. This Court has held in unpublished opinions that the sixty-day period for seeking judicial relief begins upon final action upon the administrative appeal.

The dismissal is based upon the untimeliness of the petition which is not shown by the allegations of the petition or the evidence supporting the motion. The motion should have been overruled to allow further proceedings to determine the date of entry of the order

of the Board, the regulatory authorization and date and nature of the disposition of the appeal. The Trial Court did not rule upon the sufficiency of the allegations of the complaint. Upon remand, if it is determined that the application is timely, the Trial Court should then consider and determine whether the petition states a claim for which relief can be granted.

The judgment of the Trial Court is reversed. Costs of this appeal are assessed to the appellees. The cause is remanded to the Trial Court for further proceedings.

**REVERSED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE