| | |
|---|---|
| GEORGE RUFF,<br><br>       Plaintiff/Appellant,<br><br>VS.<br><br>CHARLES TRAUGHBER, CHAIRMAN,<br>TENNESSEE BOARD OF PAROLES,<br>ET AL.,<br><br>       Defendants/Appellees. | ) <br>) Davidson Chancery<br>) No. 96-1362-I<br>)<br>)<br>) Appeal No.<br>) 01-A-01-9702-CH-00074<br>)<br>)<br>)<br>) |

**FILED**

June 18, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


John Knox Walkup
Attorney General and Reporter

Teresa S. Thomas #12788
Counsel for the State
404 James Robertson Parkway
Nashville, TN 37243
ATTORNEYS FOR DEFENDANTS/APPELLEES

George Ruff, #203318
BMSP, P.O. Box 1000
Petros, TN 37845
PRO SE/PLAINTIFF/APPELLANT

AFFIRMED AND REMANDED


HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

GEORGE RUFF,                          )
                                      ) Davidson Chancery
      Plaintiff/Appellant,          ) No. 96-1362-I
                                      )
VS.                                   )
                                      ) Appeal No.
CHARLES TRAUGHBER, CHAIRMAN,   ) 01-A-01-9702-CH-00074
TENNESSEE BOARD OF PAROLES,     )
ET AL.,                               )
                                      )
      Defendants/Appellees.          )

# O P I N I O N

The captioned plaintiff has appealed from the judgment of the Trial Court which dismissed plaintiff's petition for certiorari. Plaintiff's petition concerned the action of the defendants, members of the Board of Paroles, in denying petitioner's application for parole from the custody of the Department of Correction.

The only issue presented to this Court by the appellant reads as follows:

> The Trial Court erred in overruling petitioner's motion for enlargement of time for filing and then dismissing the petition for the writ of certiorari for failure to timely file.

The petition for certiorari was filed with the Trial Court on May 1, 1996. It does not state the date of the order of the Parole Board to be reviewed.

The Board filed a motion to dismiss on the ground that the petition was not filed with the Trial Court within 60 days after the action to be reviewed as required by T.C.A. § 27-9-102. The motion was supported by affidavit identifying a certain record of the Parole Board entitled "Notice of Board Action Parole Release Hearing." The only intelligible information appearing on said sheet is the identification of plaintiff, three words "Decline - Review" 135, S-0-01Y-P.S., three initials dated 1-24-96, 1-26-96, and 2-5-96 and a separate initial dated 2-5-96. While the sheet just described may be more informative to one knowledgeable of its code, it is virtually worthless to the

uninitiated. Presumably, it is intended as evidence that the action of the Board took place on February 5, 1996. If so, the complaint, filed on May 1, 1996, was untimely.

The petition admits that the Board's decision was entered on February 5, 1996, but claims that petitioner did not receive notice of the decision "until February". However, there is no sworn evidence to support the latter claim.

As above stated, plaintiff's sole complaint on appeal is that the 60-day time limitation of § 27-9-102, was not extended. The extension was not requested until September 17, 1996, seven months after the date of the order to be reviewed, and five months after the expiration of the statutory time for filing petition for review.

Petitioner claims that his "jailhouse lawyer" excluded weekends and non-business days in computing that the 60-day period for filing petition for review extended to May 10, 1996. Unfortunately for plaintiff, the opinion of the jailhouse lawyer was incorrect. A much more reliable source of information on appellate procedure is Tennessee Rules of Appellate procedure, which is doubtless available to plaintiff.

Plaintiff also claims that his petition was postmarked May 10, 1996, but this statement is not supported by evidence.

Since the petition and motion for enlargement admit facts showing that the petition was untimely, a judgment of dismissal was in order. Thandiwe v. Traughber, Tenn. App. 1994, 909 S.W.2d 802, 803-804.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the

plaintiff. The cause is remanded to the Trial Court for necessary further procedure.

– 4 –

**AFFIRMED AND REMANDED**


_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE