IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# BOB KIELBASA and VEEDA KIELBASA, v. WILSON COUNTY BOARD OF ZONING APPEALS, B & H RENTALS, LLC; and HORIZON CONCRETE, INC.

**Appeal from the Chancery Court for Wilson County**
**No. 98134, Hon. C.K. Smith, Chancellor**

---

**No. M1999-01155-COA-R3-CV - Decided May 5, 2000**

---

Petitioners' Writ of Certiorari to the Board of Zoning Appeals was not timely filed in accordance with T.C.A. §27-9-102, but petitioners argued the statute of limitation was tolled because the Board did not comply with the notice provision, or that the meeting of the Board of Zoning Appeals was fraudulently concealed. The Chancellor held the statute of limitation applicable and dismissed the writ. Petitioners have appealed.

**Tenn. R. App. P.3, Appeal as of Right; Judgment of the Chancery Court affirmed.**

FRANKS , J., delivered the opinion of the court, in which GODDARD, P.J., and SWINEY, J., joined.

Jerry Gonzales, Griffith & Gonzalez, P.C., Lebanon, for Appellants.

Jere N. Mccullough, Rochelle, McCullough & Aulds, Lebanon, for Appellees, B & H Rentals, LLC and Horizon Concrete, Inc.

## OPINION

Petitioners own a parcel of land that adjoins a parcel of land which is now owned by defendant B & H Rentals, LLC, where a concrete batch plant has been constructed pursuant to a building permit, and is now in operation. The application for construction of a concrete batch plant was approved by the Board on July 25, 1997, and as the Trial Court noted, petitioners' action was filed on April 8, 1998, some 257 days after the action of the Board of Zoning and Appeals.

Petitioners claim they never knew that any of the events had taken place until construction began on the plant in February of 1998.

Petitioners filed their petition on April 8, 1998 and subsequently filed a Motion for Summary Judgment. The Motion for Summary Judgment was denied. The Court was then asked to decide this matter on the record. The court found the notice of the Board meeting "was published in the Lebanon Democrat, a newspaper of general circulation in Wilson County" and that the notice complied with the Board rules and was adequate and timely, and ordered the petition dismissed.

The enabling statute which authorizes counties to set up boards to hear zoning matters does not set forth any requirements regarding notice for hearings of this type. *See* Tenn. Code Ann. §§ 13-7-101 to 13-7-117. The statute empowers the board to develop such rules as are necessary for it to carry out its duties. *Id.* The defendant Board's rules regarding notice require different types of notice depending upon the type of relief that is requested. If the request is an appeal from a decision of the Building Inspector, then the rules require that written notice be mailed to "parties of interest" at least five days prior to the hearing. However, if the request is for a special exemption for a use permissible on appeal, then the notice required is publication in the daily paper of general circulation in Wilson County.

In the form which Ms. Hand filled out, she checked she was appealing from a decision of the building inspector, but there is nothing in the record to indicate that the Building Inspector denied a building permit. Attached to the form executed by Ms. Hand, is a typewritten letter signed by Ms. Hand which asks that she be granted "use on appeal" to build a concrete plant. Since there is nothing in the record to show that a building permit was sought and denied, there is no support for petitioners' argument that this should be treated as an appeal from a decision of the Building Inspector which requires that written notice be mailed to all parties of interest.[1]

The Board was required under its rules to publish a notice of the time and place of the meeting in a daily paper of general circulation in Wilson County, and the notice which was published cited the time and place of the Board's meeting and then gave a list of requests which would be presented, including "Priscilla Hand, use located on Beckwith Road/I40." The Board met on April 25th and approved Ms. Hand's request. The Minutes reflect that two adjoining property owners appeared in opposition to the request, and the record further shows that B & H applied for a building permit for the plant on October 16, 1997, which was granted.

The sixty day statute of limitations contained in Tenn. Code Ann. §27-9-101 is jurisdictional, and the failure to file a Petition for Writ of Certiorari within sixty days of the Board's decision results in said decision becoming final, such that the trial court and consequently this Court are without the jurisdiction to review it. *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. Ct. App. 1994); *Turner v. Tennessee Board of Paroles*, 993 S.W.2d 78 (Tenn. Ct. App. 1999).

Petitioners argue the Board fraudulently concealed its meeting and/or decision from

---

[1]The record shows that written notice was mailed to other adjoining landowners.

petitioners by not sending them a mailed notice, as was done for other adjoining landowners. Fraudulent concealment may occur when a party who has a duty to disclose a known fact fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury. *Chrisman v. Hill Home Development, Inc.,* 978 S.W.2d 535, 539 (Tenn. 1998). As already stated, the Board had no duty in this case to mail notices to any adjoining landowners, including petitioners, thus there is no basis to find fraudulent concealment.

It is unfortunate for the petitioners that they did not have actual notice of the Board of Zoning Appeals' meeting. However, the Board discharged its obligations under the statute. The Constitution does not afford interested landowners a right to actual notice in zoning matters. *See Nichols v. Tullahoma Open Door, Inc.*, Tenn. App. 640 S.W.2d 13 (1982).

The judgment of the Chancery Court is affirmed and the cause remanded with cost of the appeal assessed to appellants.