# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**January 28, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

MELVIN SAWYER,           )
                                 )
      Plaintiff/Appellant,    )
                                 )
                                 )
VS.                       )     Davidson Chancery
                                 )     No. 95-3228-III
                                 )
JIM GRISHAM, DAWN CHASE,   )
CHARLES TRAUGHBER,       )     Appeal No.
ROSE HILL, TENNESSEE BOARD )    01A01-9604-CH-00176
OF PAROLES, TENNESSEE      )
DEPARTMENT OF CORRECTION, )
                                 )
      Defendants/Appellees.   )

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For Plaintiff/Appellant:            For Defendants/Appellees:

Melvin Sawyer, Pro Se             John Knox Walkup
                                   Attorney General and Reporter

                                   Patricia C. Kussmann
                                   Assistant Attorney General

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a state prisoner's pro se challenge to the decision of the Tennessee Board of Paroles to deny him parole. The petitioner filed a petition for writ of certiorari in the Chancery Court for Davidson County after filing unsuccessful suits in the United States District Court and the Circuit Court for Hickman County. The chancery court dismissed the petition because it had not been timely filed in accordance with Tenn. Code Ann. § 27-9-102 (1980). We affirm.

## I.

In 1985, Melvin Darrell Sawyer was sentenced to four years in prison after being convicted of assault with intent to commit murder, aggravated assault, and shooting a missile into a dwelling. The Court of Criminal Appeals later set aside Mr. Sawyer's aggravated assault conviction and reduced his sentence to two years. *See State v. Sawyer*, App. No. 87-148-III, 1988 WL 99730, at *1 (Tenn. Crim. App. Sept. 28, 1988) (No Tenn. R. App. P. 11 application filed). In 1986, Mr. Sawyer was also convicted of two counts of aggravated rape of his ten-year-old step-grandson and received two consecutive twenty-year sentences for these crimes. The Court of Criminal Appeals affirmed these convictions. *See State v. Sawyer*, App. No. 86-269-III, 1988 WL 13989, at *4 (Tenn. Crim. App. Feb. 24, 1988), *perm. app. denied* (Tenn., May 23, 1988). Mr. Sawyer is currently incarcerated at the Turney Center Industrial Prison and Farm in Hickman County.

Mr. Sawyer became eligible for parole in March 1994. Following a hearing on March 14, 1994, the hearing officer recommended that the Board of Paroles decline to parole Mr. Sawyer and to set another parole hearing for March 1999. The hearing officer based his recommendations on the seriousness of Mr. Sawyer's offenses and the high risk that he would re-offend.[1] On April 8, 1994, Mr. Sawyer received notice that the Board had adopted the hearing officer's recommendations, and ten days later,

---

[1]When it affirmed Mr. Sawyer's aggravated rape convictions in 1988, the Court of Criminal Appeals specifically noted that Mr. Sawyer was "a recidivist whose prior criminal record certainly categorizes him as a multiple offender not likely to be rehabilitated and one who should be incarcerated under consecutive sentences for the protection of the public." *State v. Sawyer*, 1988 WL 13989, at *4.

he requested the Board reconsider his request for parole. The Board notified Mr. Sawyer on August 1, 1994 that it had denied his request for reconsideration because his supporting materials did not contain significant new information that had not been available at his original hearing and because there was no basis for concluding that his hearing had been improperly conducted. Mr. Sawyer received the notice of the Board's action on August 11, 1994.

Mr. Sawyer sought judicial review of the Board's decision. Rather than filing a common-law writ of certiorari in the Chancery Court for Davidson County, *see Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994), Mr. Sawyer first filed a civil rights action in the United States District Court for the Middle District of Tennessee. The district court dismissed this case as frivolous on November 17, 1994 but stated that the dismissal would not prejudice Mr. Sawyer's right to seek federal habeas corpus relief after exhausting his state remedies. *See Sawyer v. Traughber*, No. 3:94-1003 (M.D. Tenn. Nov. 17, 1994).

Almost ten months later, Mr. Sawyer filed a petition for habeas corpus in the Circuit Court for Hickman County alleging that his parole hearing had been defective and that he had been wrongfully denied consideration for parole. On October 4, 1995, the circuit court entered an order dismissing Mr. Sawyer's petition. The circuit court also declined to give Mr. Sawyer an additional sixty days to file his petition for writ of certiorari[2] because he had "rested on his rights far too long to warrant a time extension now." *Sawyer v. Mills*, No. 95-5189C (Hickman Cir. Oct. 4, 1995).

Mr. Sawyer finally filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County on October 18, 1995 - approximately fourteen months after being notified of the Board's denial of his request for reconsideration of the decision not to parole him. The chancery court denied this petition on November 3, 1995 on the ground that it was not timely filed. Mr. Sawyer now appeals this decision.

---

[2]The Tennessee Supreme Court has given an inmate sixty additional days within which to file a petition for common-law writ of certiorari because the delay in dismissing the prisoner's habeas corpus petition had prevented him from filing a timely petition for common-law writ of certiorari. *See Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995).

## II.

Tenn. Code Ann. § 27-9-102 (1980) requires that petitions for a common-law writ of certiorari be filed within sixty days after the entry of the order or judgment complained of. This time limit applies to petitions seeking judicial review of decisions of the Board of Paroles. *See Thandiwe v. Traughber*, 909 S.W.2d at 803-04. Thus, even prisoners representing themselves pro se must adhere to this important procedural requirement.

Mr. Sawyer advances two arguments why he should be excused from the operation of Tenn. Code Ann. § 27-9-102. First , he asserts that Tenn. Code Ann. § 28-1-115 (Supp. 1997) permitted him to file his petition within one year of the dismissal of his civil rights action in federal court. Second, he asserts that he should have been accorded sixty days after the circuit court's dismissal of his habeas corpus petition to filed his certiorari petition under the *Norton v. Everhart* holding. We disagree on both counts.

Mr. Sawyer cannot take advantage of Tenn. Code Ann. § 28-1-115 because the United States District Court did not dismiss his civil rights complaint for lack of jurisdiction. *See A'la v. Tennessee Dep't of Correction*, 914 S.W.2d 914, 916 (Tenn. Ct. App. 1995). Neither can Mr. Sawyer benefit from *Norton v. Everhart* because the habeas corpus petition he filed in Hickman County was not filed within sixty days after the date on which the Board denied his request for reconsideration of the denial of his parole. *See Flowers v. Traughber*, 910 S.W.2d 468, 469-70 (Tenn. Crim. App. 1995).

## III.

We affirm the dismissal of Mr. Sawyer's petition for common-law writ of certiorari and remand the case for whatever further proceedings may be required. We also tax the costs of this appeal to Melvin D. Sawyer for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE