IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

**March 27, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STANLEY A. ISOM, SR.,              ) C/A NO. 03A01-9708-CH-00333
                                   )
        Plaintiff-Appellant,       ) KNOX CHANCERY
                                   )
v.                                 ) HON. FREDERICK D. McDONALD,
                                   ) CHANCELLOR
KNOX COUNTY RETIREMENT &           )
PENSION BOARD and KNOX             )
COUNTY, TENNESSEE,                 ) VACATED
                                   ) AND
        Defendants-Appellees.      ) REMANDED

CATHERINE F. QUIST, Deputy Law Director, Knoxville, for Defendants-Appellees.

JIM D. OWEN, Knoxville, for Plaintiff-Appellant.

**O P I N I O N**

Franks, J.

        Plaintiff's action for back benefits was dismissed by the Chancellor, and plaintiff has appealed.

        This action arose from a dispute about disability benefits. Plaintiff was an employee of Knox County, and on May 13, 1988 he was injured in the course of his employment. As a result of his injuries, plaintiff was entitled to both worker's

compensation benefits and disability benefits under the Knox County Employee Benefit System Plan ("Plan"). Pursuant to the terms of the Plan, plaintiff's disability benefits were reduced by any worker's compensation benefits he received. This reduction continued in one form or another until April 1, 1995.

On November 2, 1995, the Supreme Court issued an opinion in *McCaleb v. Saturn Corp.*, 910 S.W.2d 412 (Tenn. 1995). On January 22, 1996, plaintiff's attorney notified the defendant Knox County Retirement and Pension Board ("Board") of his belief that based upon *McCaleb*, plaintiff was entitled to a refund of any previous offsets. The attorney also notified Knox County by an identical letter. The Board has not issued a final order or judgment in response to the claim.

On May 24, 1996, plaintiff filed this action in Knox County Chancery Court, essentially alleging breach of contract based upon the Board's failure to refund the money. The defendants filed a motion to dismiss which was granted on July 14, 1997.

Tennessee Code Annotated §27-9-101 provides:

> Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

Under T.C.A.§27-9-102:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The failure to file in Chancery Court within the statutory time limits results in the Board's decision becoming final, and once the decision is final, the

Chancery Court is without jurisdiction to review the Board's action. *Thankiwe v. Traughber*, 909 S.W.2d 802 (Tenn. App. 1994). The rule is mandatory and jurisdictional in civil cases. *Id.* (Citations omitted).

In this case, the plaintiff has not sought review through the statutory procedures. The Board has not acted upon the claim for refund. Since the Board has not yet rendered a "final order or judgment" on the claim, it was not appropriate to seek review in the Chancery Court.[1] Any of the Board's past final orders or judgments regarding plaintiff's case cannot be challenged because no appeal was perfected within sixty (60) days, in accordance with the statute. The plaintiff's current claim, however, relates to the Board's alleged failure to correct its "error" pursuant to Section 9.06 of the Plan.[2] The Board must first render a final decision regarding this claim in order for the plaintiff to seek review in the Chancery Court. T.C.A. §27-9-101.

Accordingly, we vacate the judgment of the Trial Court and remand with instructions that the matter be referred to the Board, with directions that the parties comply with all necessary procedures to adjudicate this claim to a final decision by the Board.

We assess costs one-half to each party and remand with instructions to

---

[1]

According to the Appellees' Brief "Appellant and his counsel had appeared before the Appellee/Board on several occasions since 1988 but never later appeared at a regularly scheduled monthly meeting of the Appellee/Board nor did the Appellant request to be placed on a meeting agenda."

[2]

This section provides:

> If any error in any account or record is discovered which would result in any Participant's account or benefit being more or less than it would have been had the error not been discovered or had the record been correct, the Employer shall correct the error by adjusting, to the extent reasonable and practicable, the individual account or benefit, as the case may be. Any such correction shall be conclusive and binding on all Participants.

proceed in accordance with this Opinion.


_____
Herschel P. Franks, J.


CONCUR:


_____
Don T. McMurray, J.


_____
William H. Inman, Sr.J.