IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

ED FRAZIER,                          ) C/A NO. 03A01-9804-CV-00128
                                     )
        Plaintiff-Appellant,         ) COCKE CIRCUIT
                                     )
v.                                   ) HON. REX HENRY OGLE,
                                     ) JUDGE
COCKE COUNTY BEER BOARD,             )
WILLIAM HAL CUTSHAW, AND             )
JOHNNIE ARTHUR STYLES,               )
d/b/a AMOCO EXPRESS,                 ) AFFIRMED
                                     ) AND
        Defendants-Appellees.        ) REMANDED


JOHN B. BUNNELL, Newport, for Plaintiff-Appellant.

CLYDE A. DUNN, Newport, for Defendants-Appellees.


**O P I N I O N**


Franks, J.


        Plaintiff filed his complaint as "Petition for Writ of Certiorari in

Granting Package and Beer Sales License" on June 16, 1997, and charged "that

defendant Cocke County Beer Board improperly granted a package beer permit to

defendants . . . on or about October 7, 1996, in Newport, Cocke County, Tennessee,

contrary to Tennessee Code Annotated §57-5-105(b)(1)."  Responding to a Motion to

Dismiss, the Trial Judge held:

> The petition for certiorari filed by the plaintiff was not filed within the
> sixty day time period prescribed by T.C.A. §27-9-102, and, further, it
> appearing to the Court that the permitees no longer have a beer permit
> issued by Cocke County, Tennessee, but, to the contrary, have a beer
> permit issued from the City of Newport, the issues are rendered moot.
> Accordingly, the complaint is dismissed. . . .

The Beer Board's actions are judicially reviewed by a statutory writ of certiorari,

which is "the sole remedy and exclusive method of review of any action or order. . . ." T.C.A. §57-5-108 and 109. The procedure for this right of review is established in T.C.A. §27-9-101 *et seq.,* and T.C.A. §27-9-102 provides in pertinent part that petitioner "shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the Chancery Court . . . ."

The complaint shows on its face that the petition was not filed within sixty days of the Board's order, and as we said in *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. App. 1994):

> The time limits apply to both the common law and statutory writs of certiorari. *Fairbanks Corp.*, 566 S.W.2d at 886. The failure to file within the statutory time limits results in the Board's decision becoming final, and once the decision has become final, the Chancery Court is deprived of jurisdiction; *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. App. 1984); *Fairhaven Corp. v. Tenn. Health Fac. Com'n.*, 566 S.W.2d at 887.

We affirm the judgment of the Trial Court in holding that it did not have jurisdiction in this case because the petition was not timely filed, pursuant to statute.

The judgment of the Trial Court is affirmed with the cost of the appeal assessed to plaintiff, and the cause remanded.

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.




_____
Charles D. Susano, Jr., J.

2