WILLIAM PECK,                          )
                                       )
        Petitioner/Appellant,          )        Appeal No.
                                       )        01-A-01-9806-CH-00279
v.                                     )
                                       )        Davidson Chancery
WARDEN DAVID MILLS and                 )        No. 97-3038-I
SGT. JEFF BISHOP,                      )
                                       )
        Respondents/Appellees.         )
                                       )

**FILED**

**January 21, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

WILLIAM PECK, Pro Se
7475 Cockrill Bend Ind. Rd.
Nashville, Tennessee 37209


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

SOHNIA W. HONG
Assistant Attorney General
Civil Rights and Claims Division
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee 37243
        ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

OPINION

This is an appeal by a prison inmate from the action of the trial judge in granting summary judgment dismissing his petition for certiorari on subject matter jurisdiction grounds.

Appellant acting pro se with "inmate advisor" assistance filed his petition in the Chancery Court of Davidson County, Tennessee for a common law writ of certiorari naming only Warden David Mills and Sergeant Jeff Bishop as defendants.

The record discloses:

1. On October 22, 1996, appellant went before a disciplinary board at Turney Center Prison for a hearing presided over by Sergeant Jeff Bishop. He was accompanied by his inmate advisor and was convicted at the disciplinary hearing of attempted escape.

2. No appeal was perfected by the appellant from this disciplinary action thus making the order of October 22, 1996 the final order within the Department of Corrections relating to the alleged attempted escape of the appellant.

3. No further action by the appellant appears in the record until September 11, 1997 when he filed his petition for certiorari pursuant to Tennessee Code Annotated section 27-9-102.

4. On February 6, 1998, the Department of Corrections filed a motion to dismiss with accompanying affidavits and a memorandum of law asserting that the petition for certiorari was filed beyond the jurisdictional time limit of sixty days provided by Tennessee Code Annotated section 27-9-102.

5. On April 14, 1998, appellant filed a motion for leave to amend his petition for writ of certiorari to add as a defendant his inmate advisor, Larry Chamberlain, and assert a cause of action under 42 U.S.C. section 1983 for violation of his 6th and 14th amendment rights.

6. On April 30, 1998, appellant filed a motion to compel discovery and a motion for production of documents.

7. On May 4, respondents filed a response to appellant's motion to amend asserting that a motion to dismiss on jurisdictional grounds was pending.

8. On May 15, 1998, respondents filed a response to appellant's motion to compel discovery.

9. On May 19, 1998, the trial court issued its order denying appellant's motion to amend his petition finding that an inmate advisor was not a proper party to the action and that appellant had improperly attempted to file his 42 U.S.C. section 1983 cause of action with a petition for writ of certiorari. The trial court treated the respondent's motion to dismiss as a motion for summary judgment because affidavits had been filed by the respondent and granted said motion on jurisdictional grounds.

10. On May 26, 1998, the trial court issued another order denying appellant's motion to compel discovery in light of the fact that the petition for writ of certiorari had previously been dismissed.

11. On May 28, 1998, appellant filed his notice of appeal.

The action of the trial judge was clearly correct in that the Chancery Court of Davidson County lacked subject matter jurisdiction after the expiration of the sixty day time limit provided by Tennessee Code Annotated section 27-9-102. This time limit is mandatory and jurisdictional in civil actions. ***Thandiwe v. Traughber***, 909 S.W.2d 802 (Tenn.App.1994).

The fact that an order was entered in this case on October 22, 1996 is undisputed. In view of the lack of any documentary evidence in the record to demonstrate the perfection of an appeal within the rules of the Department of Corrections, the only operative date from which the chancellor could have calculated the statutory period was October 22, 1996. The sixty day time limit under Tennessee Code Annotated section 27-9-102 started to run on that date and had long since expired when the petition was filed on September 11, 1997.

The attempt to amend the petition after the jurisdictional time limit has passed is of no avail.

Finally, our appellate courts have repeatedly condemned efforts to join an original action in the trial court with trial court appellate review on certiorari.

> Before considering the first issue, we wish to heartily condemn that which appears to us to be a growing practice, i.e., the joinder of an appeal with an original action and the simultaneous consideration of both at the trial level. This

Court is of the firm opinion that such procedure is inimical to a proper review in the lower certiorari Court and creates even greater difficulties in the Court of Appeals. The necessity of a separation of appellate review of a matter and trial of another matter ought to be self evident. In the lower Court one is reviewed under appropriate Appellate rules and the other is tried under the trial rules. In this Court our scope of review is dependent upon nature of a proceeding. In this case one matter would be limited by rules of certiorari review and the other would be reviewed under 13(d), Tennessee Rules of Appellate Procedure. Like water and oil, the two will not mix.

*Goodwin v. Metropolitan Board of Health,* 656 S.W.2d 383 at 386-87 (Tenn.App.1983); *see also State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn.App.1991);

The action of the trial court in granting summary judgment to the appellees is affirmed and costs are assessed against appellant, William Peck. The case is remanded for collection of costs.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL,PRES.JUDGE,M.S.

_____
PATRICIA J. COTTRELL, JUDGE