# FILED

**December 3, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| RANDY HILL, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Davidson Chancery |
| VS. | ) | No. 97-2129-I |
| | ) | |
| TENNESSEE BOARD OF PAROLES, | ) | Appeal No. |
| et al., | ) | M1997-00065-COA-R3-CV |
| | ) | |
| Defendants/Appellees. | ) | |

## APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

## THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiff/Appellant:

Randy Dale Hill
Pro Se

For Defendants/Appellees:

Paul G. Summers
Attorney General and Reporter

Michael E. Moore
Solicitor General

Patricia C. Kussmann

Assistant Attorney General

# AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# <u>MEMORANDUM OPINION</u>

This appeal involves a state prisoner's efforts to be paroled from an eight-year sentence for aggravated child abuse. After the Tennessee Board of Paroles declined to parole him, the prisoner filed a certiorari petition in the Chancery Court for Davidson County seeking judicial review of the Board's decision. The trial court dismissed the petition on the grounds that it was not timely filed. We affirm the trial court in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

Randy Dale Hill pleaded nolo contendere to one count of aggravated child abuse in 1995, and the Criminal Court for Dickson County sentenced him to an eight-year term of incarceration.[2] In January 1997, a single member of the Tennessee Board of Paroles conducted a parole hearing for Mr. Hill and recommended against granting him parole. The full Board accepted the recommendation and determined that it would not consider Mr. Hill for parole again until 2000. The Board later declined to consider Mr. Hill's appeal from this decision.

Mr. Hill received word of the Board's final action on April 18, 1997. He prepared a certiorari petition to seek judicial review of the Board's decision and handed over the petition to the prison officials for mailing on June 18, 1997.[3] The petition was received and stamped filed by the clerk and master of the Chancery Court for Davidson County on June 23, 1997. Thereafter, the Board moved to dismiss the petition because it had not been filed within sixty days after the Board's final decision as required by Tenn. Code Ann. § 27-9-102 (1980). The trial court granted the Board's motion, and Mr. Hill appealed to this court.

## II.

Tenn. Code Ann. § 27-9-102 requires that certiorari petitions be filed within

sixty days from the entry of the order or judgment sought to be reviewed. This time limit is mandatory and jurisdictional. Therefore, untimely certiorari petitions do not confer subject matter jurisdictions on the trial court and must be dismissed. *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). It follows that the pivotal inquiry in cases of this sort is the determination of when the petition is deemed to have been filed.

When Mr. Hill sought judicial review of the Board's decision, a document was deemed filed with the court only when it was filed either with the trial court clerk or the trial judge. *See* Tenn. R. Civ. P. 5.06 (1996).[4] Accordingly, in order to satisfy Tenn. Code Ann. § 27-9-102, Mr. Hill was required to file his certiorari petition with the clerk of the trial court or the trial judge by no later than June 17, 1997 – the sixtieth day following his notification of the Board's final action. The clerk and master did not receive Mr. Hill's petition until June 23, 1997. Thus, Mr. Hill's petition was untimely because the clerk received it five days after Tenn. Code Ann. § 27-9-102's deadline had passed.

The Tennessee Supreme Court amended Tenn. R. Civ. P. 5.06 on July 1, 1997 to liberalize the filing rules for incarcerated pro se prisoners. From and after that date, papers prepared by or filed on behalf of an incarcerated pro se prisoner are deemed to have been filed with the trial court when they are "delivered to the appropriate individual at the correctional facility." This additional filing procedure can avail Mr. Hill nothing in this case for two reasons. First, it cannot constitutionally apply to Mr. Hill because the statutory deadline for filing his petition had already expired by the time the amendment to Tenn. R. Civ. P. 5.06 became effective. *See Compton v. Tennessee Dep't of Correction*, No. M1997-00065-COA-R3-CV, 1999 WL _____, at *___ (Tenn. Ct. App. Dec. 3, 1999). Second, Mr. Hill's petition was still filed too late even if he could claim the benefit of this new filing procedure. Mr. Hill tendered his petition to the prison officials on June 18, 1997 – one day after the filing period in Tenn. Code Ann. § 27-9-102 had expired.

Mr. Hill's certiorari petition was filed late when measured against whatever standards of timeliness one cares to apply. Accordingly, the trial court properly granted the Board's motion to dismiss.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Randy Hill for which execution, if necessary, may issue.

_____

WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE