IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 14, 2005

## JERRY L. COWAN v. TENNESSEE BOARD OF PAROLES, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 03-3690-III    Ellen Hobbs Lyle, Chancellor**

---

### No. M2004-02150-COA-R3-CV

---

This appeal involves a prisoner's challenge to a decision of the Tennessee Board of Probation and Parole. After the Board denied the prisoner parole and scheduled his next hearing for the year 2016, the prisoner filed a petition for a writ of certiorari in the Chancery Court for Davidson County. The Chancery Court dismissed the petition on the grounds it was not timely filed and was not verified. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Jerry Cowan, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Bradley W. Flippin, Assistant Attorney General, for the appellee, Tennessee Board of Paroles, et al.

## MEMORANDUM OPINION[1]

### I.

Jerry Cowan, an inmate in the custody of the Tennessee Department of Correction, appeared before the Tennessee Board of Probation and Parole on May 9, 2001. The Board denied Mr. Cowan's request for parole and deferred his next parole hearing for fifteen (15) years, until May 2016. Mr. Cowan did not timely seek either administrative or judicial review of that decision.

On August 15, 2003, this court decided *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429 (Tenn. Ct. App. 2003), holding the Board's decision to defer further parole consideration for 20 years constituted an arbitrary exercise of the Board's authority. Mr. Cowan learned of our decision and, on October 6, 2003, filed with the Board a request for an administrative appeal of the May 9, 2001 decision. The Board denied the request as untimely on November 4, 2003. On December 12, 2003, Mr. Cowan filed a petition for a writ of certiorari in the Chancery Court for Davidson County. An amended petition followed on February 20, 2004.

On May 28, 2004, the Board filed a Tenn. R. Civ. P. 12 motion to dismiss for failure to state a claim and for lack of jurisdiction. The motion asserted that Mr. Cowan's petition and amended petition were not filed within sixty (60) days of the Board's order and were not verified. On August 18, 2004, the trial court entered a Memorandum and Order dismissing the petition.

### II.

Decisions of the Board of Parole are subject to limited review by the common law writ of certiorari using the procedures set out in Tenn. Code Ann. § 27-9-101 et seq. *Baldwin*, 125 S.W.3d at 433. Such petitions must be filed within sixty (60) days from the entry of the order or judgment for which review is sought. Tenn. Code Ann. § 27-9-102. If a timely administrative appeal is pursued, the sixty (60) days period begins to run upon entry of the final decision from the administrative appeal. *Moore v. Tennessee Bd. of Probation and Parole*, App. No. M2003-03110-COA-R3-CV, 2005 WL 1025763, at *3 (Tenn. Ct. App. May 02, 2005) (No Tenn. R. App. P. 11 application filed).

Failure to file a petition for a writ of certiorari within the statutorily mandated time requires dismissal of the petition. *Gore v. Tennessee Dep't. of Correction*, 132 S.W.3d 369, 379 (Tenn. Ct.

---

[1]Tenn. Ct. App. R. 10 provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

App. 2003); *Hickman v. Tennessee Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2002) (holding that failure to file within the sixty day limit caused a party to forfeit his or her right to judicial review and required the court to decline to exercise jurisdiction, rather than depriving the court of subject matter jurisdiction); *Johnson v. Metropolitan Gov't. of Nashville and Davidson County*, 54 S.W.3d 772, 774-75 (Tenn. Ct. App. 2001) (holding that expiration of the sixty day time limit deprived the court of subject matter jurisdiction); *Thandiwe v. Traughber*, 909 S.W.2d 802, 803-804 (Tenn. Ct. App. 1994) (holding that failure to comply with the sixty day statute of limitations results in the loss of jurisdiction by the trial court). Essentially, an order which is not timely challenged becomes final and is not reviewable. *Thandiwe*, 909 S.W.2d at 804.

In the present case, Mr. Cowan did not file his petition for writ of certiorari within sixty (60) days of the Board's May 9, 2001 decision. Mr. Cowan's request for an administrative appeal, filed more than two years after the May 9, 2001 decision, was not timely and did not extend the time for filing a petition for writ of certiorari. The May 9, 2001 decision thus became final and not subject to judicial review.

In addition, Mr. Cowan's petition was not sworn to before a clerk, a judge, or a notary public as required by Tenn. Code Ann. § 27-8-106.[2] Tennessee Code Annotated § 27-8-104(a) grants trial courts the power to issue writs of certiorari "on sufficient cause, supported by oath or affirmation." Tennessee Code Annotated § 27-8-106 provides: "The petition for certiorari may be sworn to before the Clerk of the Circuit Court, the Judge, any Judge of the Court of General Sessions, or a notary public, and shall state that it is the first application for the writ." A petition for writ of certiorari that is not verified in accordance with Tenn. Code Ann. § 27-8-106 must be dismissed. *Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002) *pet. reh'g denied* (Tenn. Ct. App. May 22, 2002) (No Tenn. R. App. P. 11 application filed).

Our decision that Mr. Cowan cannot appeal the Board's 2001 decision does not leave Mr. Cowan without a remedy under *Baldwin*. Mr. Cowan may request a new hearing before the Board prior to 2016 pursuant to *Baldwin*. If his request is denied, he may seek judicial review of the denial by filing a new Petition for Writ of Certiorari.[3]

---

[2]Mr. Cowan attempted to self notarize his amended petition by signing a "Verification / Declaration of Oath" pursuant to 28 U.S.C. § 1746. However, 8 U.S.C. § 1746 does not apply in state courts. *Griffin v. State*, No. E2001-01932-CCA-R3-PC, 2002 WL 236697 (Tenn. Crim. App. Feb. 19, 2002) (No Tenn. R. App. P. 11 application filed) (holding that the "verified under oath" requirement of Tenn. Code Ann. § 40-30-204 requires the oath be made in the presence of a third person qualified to take oaths and that prisoners may not verify their own petitions).

[3]In light of the clear precedent on this matter, we do not anticipate that the Board will not act in accordance with that precedent, making judicial review unnecessary.

**III.**

We affirm the trial court's judgment and remand the case to the trial court for such further proceedings as may be necessary. We also tax the costs of the appeal to the appellant, Jerry Cowan, for which execution, if necessary, may issue.

_____

PATRICIA J. COTTRELL, JUDGE