Reese, J.
delivered the opinion of the court.
A judgment was obtained before a justice of the peace in favor of Rebecca Farnsworth, against Kennedy & Williams, and another in favor of the same against Kennedy separately. A petition was filed by them jointly, stating grounds applicable to each case, separately, why writs of certiorari and super-sedeas should issue in each case, and praying therefor. In the circuit court a -rule was granted to the defendant in error, to show cause why the writs should be dismissed, which on argu *244 ment was made absolute, and tlie same were dismissed. Tlie statement of meritorious grounds in the petition for another trial, and of the reasons why an appeal was not taken, in each ease, we do not deem it necessary to go into, but content ourselves with the assertion, that we consider them altogether satisfactory and sufficient. The only question is, whether the writs should be dismissed, on the ground that there is but one petition common to both cases, and not a separate petition in each case. Certainly the latter would have been the proper course. Cases separate and distinct in their nature and their origin, and necessarily separate and distinct in the trial and tlie judgment, ought not in their progress to be conjoined at one point, by a document such as the petition in this case, constituting an essential part of the record of each. The practice is certainly inconvenient and irregular, and should be discouraged. But we do not think, that after the petition has been granted, and the writs have issued, and where there is no purpose or attempt in the petition to consolidate the cases, and where one of the petitioners is not party in each case, the writs should have been dismissed. It is not a misjoinder of action, because the petition is not leading process. It is a statement of fact with a view to obtain an order for issuance of the writs of certiorari and supersedeas. They obtained, its office is done. Perhaps tlie prayer of the petition might have been refused on the ground in question. If a joint affidavit were made by distinct parties for a new trial in their separate cases, tlie court would do 'well not to receive it. But if it did receive it and act on it, and grant a new trial, and the matter of it were sufficient, it would be difficult to contend, that it would be such error as would invalidate subsequent proceedings. Upon the whole matter, we are of opinion that the court erred in making the rule, to dismiss the writs, absolute. Wc think it should have been discharged. We, therefore, reverse the judgment and remand the cause.