**Washshukru Al–Jabbar A'LA**

v.

**TENNESSEE DEPARTMENT OF CORRECTION.**

Court of Appeals of Tennessee, Western Section.

Sept. 11, 1995.

Application for Permission to Appeal Denied by Supreme Court Jan. 8, 1996.

Washshukru Al–Jabbar A'La, Lake County, pro se.

Charles W. Burson, Attorney General and Reporter, Bruce I. Griffey, Assistant Attorney General, Nashville, for appellee.

TOMLIN, Presiding Judge (Western Section).

This appeal involves the dismissal of a pro se Petition for Writ of Certiorari filed in the Chancery Court of Lake County by petitioner, against the warden and other officials of the Lake County Regional Correctional Facility, seeking a review of various actions taken by employees of the Tennessee Department of Correction. The State moved for dismissal of the petition for lack of subject matter jurisdiction under T.R.C.P. 12.02, asserting that the petition was not timely filed. The chancellor granted State's motion. While petitioner presents four issues for review, they can be encapsulated into one: whether the trial court erred in dismissing the petition for lack of jurisdiction. For the reasons stated hereinafter, we affirm the judgment of the trial court.

Petitioner is seeking review of the actions taken by the Disciplinary Board of the Lake County Regional Correctional Facility on August 28–29, Sept. 14 and Oct. 23, 1989. Petitioner appealed the Board's actions of August 28–29 to the warden, who quickly affirmed the Board. Petitioner then appealed to the Commissioner of the Department of Correction, who on September 22, 1989 affirmed the action of the warden. Petitioner's application for a writ of certiorari was stamped "filed" with the Lake County Chancery Court on March 11, 1992. However, petitioner contends that the petition was actually filed on February 20, 1991. The chancellor found that the petition was in fact filed on March 11, 1992, and therefore that it was not timely filed.

A review of the record reveals that the Clerk of the Lake County Chancery Court did in fact receive the petition sometime in late February 1991, although peti-

tioner failed to make a security bond or pauper's oath as required by T.C.A. § 27–9–105 (1980). T.R.C.P. 3 states in part that "An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved." As with the filing of a complaint, it is the filing of a petition for writ of certiorari that tolls the running of the statute of limitations.

T.C.A. § 20–12–122 (1994) provides that plaintiffs commencing an action by petition may be required to give security. More specifically, section 27–9–105 states that petitioners for writs of certiorari "shall give bond for costs as in other chancery suits, or oath of paupers in lieu." While section 20–12–120 prohibits the issuance of leading process without security being given, it does not prohibit the filing of an initial pleading, received by the clerk, without security or a pauper's oath. After a petition for writ of certiorari is filed, the clerk is required by statute to "immediately send . . . a notice of the filing of said petition and a certified copy thereof" to all named defendants. T.C.A. § 27–9–107 (1980).

A petition for writ of certiorari is not leading process, but a statement of fact with a view to obtain an order for issuance of the writs of certiorari and supersedeas. *See Kennedy v. Farnsworth*, 22 Tenn. 242, 3 Hum. 242 (1842); 5 Tenn.Jur. Certiorari § 33 (1983). The notice required by section 27–9–107 serves a purpose similar to a summons in that it gives notice to the named defendants of the filing of the petition. When the petitioner presented the petition for writ of certiorari to the clerk's office in February 1991, it was the responsibility of the clerk to file it and to comply with the provisions of section 27–9–107 for giving notice to the named defendants. As the supreme court stated in *Hine v. Commercial Carriers, Inc.*, 802 S.W.2d 218, 220 (Tenn.1990): "It is unsettling to force litigants to rely upon the actions of persons over whom they exercise no control in order to protect their claims from being time-barred." Accordingly, we find

that the chancellor erred in finding that the petition for certiorari was filed on March 11, 1992 and that as a result of so finding, the filing was time-barred.

Notwithstanding our holding regarding the filing date, the chancellor was correct in ruling that the petition was not filed within sixty days of the acts about which petitioner complained, as required by T.C.A. § 27–9–102 (1980). The record reflects that the TDOC commissioner affirmed the warden's affirmation of the action of the disciplinary board on September 22, 1989. Therefore, our finding that petitioner filed his petition in February 1991 places the filing date well in excess of the statutory sixty days.

Petitioner contends that although the February 1991 filing date is more than sixty days beyond the last date of the acts about which petitioner complained, the filing of the petition in chancery court is nevertheless timely pursuant to T.C.A. § 28–1–115 (Supp.1994). In that regard, petitioner contends that the filing of the petition was timely because it was within one year of the dismissal of a federal court habeas corpus action he had previously filed, which was dismissed on August 30, 1990, and affirmed by the Sixth Circuit on January 31, 1991. This argument is without merit. In order to take advantage of the provisions of section 28–1–115, it must be shown that the federal court action was dismissed for lack of jurisdiction. In the case before us, the federal district court dismissed petitioner's habeas corpus action because he had failed to exhaust all of his state court remedies. This was affirmed by the Sixth Circuit on the same ground. This issue is without merit.

Finally, petitioner contends that the Chancery Court of Lake County should have taken jurisdiction because his petition for certiorari included a request for declaratory judgment under T.C.A. § 4–5–224 (1991). This issue is without merit for the reason that declaratory judgment suits brought pursuant to section 4–5–224 require that all such suits be filed in the Chancery Court of Davidson County.

The judgment of the chancery court is affirmed in all respects. Costs in this cause on appeal are taxed to petitioner, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.