# IN THE COURT OF APPEALS OF TENNESSEE



December 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk
**AT NASHVILLE**

| | | |
|---|---|---|
| TERRY COMPTON, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Davidson Circuit |
| VS. | ) | No. 96C-2513 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION and | ) | Appeal No. |
| NASHVILLE COMMUNITY | ) | M1997-00066-COA-R3-CV |
| SERVICE CENTER, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

## APPEAL FROM CIRCUIT COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE WALTER C. KURTZ, JUDGE

For Plaintiff/Appellant:                    For Defendants/Appellees:

Terry Compton, Pro Se                        Paul G. Summers
                                            Attorney General and Reporter

                                            Sohnia W. Hong
                                            Assistant Attorney General

VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# OPINION

This appeal involves a state prisoner's efforts to obtain judicial review of a disciplinary action taken by the Nashville Community Service Center. After the Commissioner of Correction upheld the finding that he been drinking while on work release, the prisoner filed a petition for writ of certiorari in the Circuit Court for Davidson County. The trial court clerk refused to file the petition and required the prisoner to file a second petition because the pauper's oath accompanying the first petition was not on the proper form and had not been notarized. Thereafter, the trial court granted the Department of Correction's motion to dismiss the second petition because it was not timely filed. We have determined that the trial court clerk exceeded his authority when he declined to accept and file the prisoner's petition and, therefore, that the trial court erred by dismissing the petition.

## I.

Terry Compton was incarcerated at the Nashville Community Service Center ("NCSC") in February 1996 when he failed a Breathalyzer test administered by prison officials. On March 5, 1996, a disciplinary board at the NCSC concluded that Mr. Compton had been drinking, despite his protestations of innocence and his insistence that the Breathalyzer equipment had malfunctioned. As a result of the board's findings, Mr. Compton's security classification was increased, and he was transferred to the Northwest Correction Center. The warden of the NCSC affirmed the board's decision, and on April 26, 1996, the Commissioner of Correction likewise reviewed and affirmed the decision.

Having exhausted his administrative remedies, Mr. Compton decided to seek judicial review of the disciplinary action. He prepared a petition for writ of certiorari and a pauper's oath and placed these documents in a stamped envelope addressed to the Clerk of the Davidson County Circuit Court.[1] He handed this envelope to officials at the Northwest Correction Center on June 21, 1996 – fifty-five days after the Commissioner upheld the action of the NCSC disciplinary board. The clerk's office received the letter containing the petition and affidavit four days later on June 25, 1996.

Rather than filing Mr. Compton's petition and pauper's oath, the clerk of the trial court returned both documents to Mr. Compton because the pauper's oath had not been notarized and had not been prepared on the form customarily used by the clerk's office.[2] Mr. Compton responded to this letter by

resubmitting the petition and properly executed Uniform Civil Affidavit of Indigency form.[3]   In his transmittal letter, Mr. Compton informed the clerk that his refusal to accept the original certiorari petition would most likely prejudice his ability to obtain judicial review.[4]

Mr. Compton's observations proved to be prescient.  The trial court clerk received and filed the second petition for writ of certiorari on July 5, 1996.  On September 27, 1996, the Department of Correction moved to dismiss the petition because it sought relief outside the scope of review permitted under the common law writ of certiorari.  The trial court, raising the timeliness issue itself, dismissed Mr. Compton's petition on April 1, 1997 because it was not timely filed.  Mr. Compton has perfected this appeal as of right.

## II.

Mr. Compton presents two arguments that his petition was timely filed.  First, he asserts that the petition was timely because he placed it in the hands of the prison authorities within sixty days of the Commissioner's decision.  Alternatively, he insists that the trial court clerk erred by failing to file his original petition when he received it on June 25, 1996.  Under the rules prevailing at the time, Mr. Compton did not effectively file his petition when he delivered it to the prison authorities.  However, the trial court clerk erred by refusing to file Mr. Compton's petition on June 25, 1996.  Had the clerk filed Mr. Compton's petition when it was originally received, it would have been timely filed.

## A.
### Delivery to the Prison Officials

Tenn. Code Ann. § 27-9-102 requires that certiorari petitions be filed within sixty days from the entry of the order or judgment sought to be reviewed.  This time limit is mandatory and jurisdictional. Therefore, untimely certiorari petitions cannot invoke the subject matter jurisdiction on the trial court and must be dismissed.  *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).  It follows that the pivotal inquiry in cases of this sort is the determination of when the petition is deemed to have been filed.

If Mr. Compton were filing his certiorari petition today, it would have been deemed filed with the court when he delivered his papers to the appropriate individual at the correctional facility within the time fixed for filing.  *See* Tenn. R. Civ. P. 5.06.  However, this provision for the benefit of incarcerated pro se prisoners did not become effective until July 1, 1997 – over one year after Mr. Compton filed his papers.   The change in the rule cannot be applied retroactively to cure what would otherwise have been a fatal

jurisdictional defect. Thus, placing the petition in the hands of the prison officials in 1996 was not an effective filing with the court.

Mr. Compton's plight differs from that of another prisoner who relied on an analogous filing rule to argue that his notice of appeal was timely filed. The Tennessee Supreme Court recently determined that a prisoner had effectively filed his notice of appeal when he delivered it to the appropriate prison officials despite the fact that the language permitting him to do so had been "inadvertently" omitted from Tenn. R. App. P. 4(a) when the Court amended Tenn. R. App. P. 20(a) in 1993. *See Goodwin v. Hendersonville Police Dep't*, ___ S.W.2d ___, ___ (Tenn. 1999).[5] Mr. Goodwin placed his notice of appeal in the hands of the prison authorities in 1995 – two years after the effective date of the amendment to the Tennessee Rules of Appellate Procedure defining when appellate papers prepared by incarcerated pro se prisoners would be deemed filed. Unlike Mr. Goodwin, Mr. Compton filed his papers one year before the amendment to Tenn. R. Civ. P. 5.

## B.
## The Trial Court Clerk's Refusal to File the Petition

It is undisputed that the trial court clerk received Mr. Compton's certiorari petition on June 25, 1996 but declined to file it because Mr. Compton had not used the standard affidavit of indigency form and had failed to notarize his pauper's oath. The clerk erred by declining to file Mr. Compton's certiorari petition. *See A'La v. Tennessee Dep't of Correction*, 914 S.W.2d 914, 916 (Tenn. Ct. App. 1995) (holding that the trial court clerk should have filed a prisoner's certiorari petition even though it was not accompanied by a cost bond or a pauper's oath). Instead of rejecting the petition, the trial court clerk should have filed it and then should have requested Mr. Compton to cure any irregularities with his pauper's oath. *See Woods v. World Truck Transfer, Inc.*, No. M1997-00068-COA-R3-CV, 1999 WL _____, at *___ (Tenn. Ct. App. Dec. 3, 1999).

The trial court clerk exceeded his authority by refusing to file Mr. Compton's certiorari petition when it was originally received. Accordingly, for the purposes of the Department's motion to dismiss, the petition should be deemed to have been filed on June 25, 1996. Because Mr. Compton effectively filed his petition within sixty days after the Commissioner upheld the decision of the NCSC disciplinary board, the trial court erred by granting the state's motion to dismiss on the ground that the petition was not timely filed.

## III.

We vacate the order dismissing Mr. Compton's certiorari petition and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE