IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 12, 2000 Session

# MARIO HAYWOOD v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

**An Appeal from the Chancery Court for Davidson County**
**No. 99-1129-II     Carol L. McCoy, Chancellor**

---

**No. M1999-02282-COA-R3-CV - Filed April 23, 2001**

---

The plaintiff prison inmate filed *pro se* petition for declaratory judgment and/or a writ of certiorari seeking review of prison disciplinary board's finding of guilt and the punishment relating to a prison incident. The trial court dismissed the petition for lack of jurisdiction, finding that declaratory judgment was not available for a review of prison disciplinary proceedings and that the petition for a writ of certiorari was untimely filed. The trial court also denied the plaintiff's subsequent petition to rehear. The plaintiff appeals from the dismissal of his original petition and the denial of his petition to rehear. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J. joined.

Mario Haywood, *pro se.*

Paul G. Summers, Attorney General and Reporter; and Abigail Turner, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Corrections.

Tom Anderson, Jackson, Tennessee, for the appellees, Alan Bargery, David Harville, and Glenn Turner.

## OPINION

On October 8, 1998, Petitioner/Appellant Mario Haywood ("Haywood"), an inmate of the Respondent/Appellee Tennessee Department of Corrections ("TDOC") and incarcerated at the Hardeman County Correctional Facility ("HCCF"), appeared before the HCCF Disciplinary Board, charged with participating in a gang-related assault at the facility. HCCF is a penal facility owned an operated by Corrections Corporations of America ("CCA"), a private corporation, under contract with the TDOC to operate the facility. After hearing the evidence, the HCCF Disciplinary Board

("the disciplinary board") found Haywood guilty of participating in the assault and recommended twenty days of punitive segregation, a loss of nine months in Prisoner Sentence Reduction Credits, and placement on Involuntary Administrative Segregation. Haywood appealed the disciplinary board's finding. His disciplinary conviction and the recommended segregation and loss of sentence reductions credits were subsequently upheld by the TDOC Assistant Commissioner on October 30, 1998, and by the TDOC Commissioner of Corrections on November 25, 1998. On January 18, 1999, Haywood filed a petition with TDOC pursuant to section 4-5-223 of the Uniform Administrative Procedures Act ("UAPA"), Tennessee Code Annotated § 4-5-101 et. seq., seeking a declaratory order concerning his disciplinary conviction. TDOC denied this petition on March 3, 1999.

On April 19, 1999, Haywood filed with the Chancery Court of Davidson County a *pro se* Petition for a Declaratory Judgment and/or Writ of Certiorari challenging his disciplinary conviction and seeking, *inter alia*, an order vacating the conviction and restoring him from Involuntary Administrative Segregation to his previous security status. In his petition, Haywood contended that he was wrongfully convicted because there was no reliable evidence establishing that he participated in the assault. He alleged that the disciplinary board and other prison officials denied him due process and violated TDOC policies, state laws, and his rights under the state and federal constitutions by suppressing material evidence at the disciplinary hearing, failing to submit a properly completed written summary of the evidence relied upon at the hearing, and depriving him of sentence reduction credits without evidence of wrongdoing. TDOC filed a motion to dismiss the petition for lack of jurisdiction under Rule 12 of the Tennessee Rules of Civil Procedure, asserting that the petition had not been timely filed and that declaratory judgment is not available with respect to prison disciplinary actions. Respondent/Appellee employees of CCA, Alan Bargery, David Harville, and Glenn Turner, also filed a motion to dismiss pursuant to Rule 12, for failure to state a claim upon which relief could be granted.

The trial court found that declaratory judgment was not available because Haywood was not challenging the legal validity of the disciplinary rules, but the disciplinary proceedings and the punishment imposed. The trial court determined that Haywood's action was more properly construed as one for certiorari review, yet dismissed the petition for lack of jurisdiction, finding that it was time-barred because it was filed more than sixty days after the final entry of judgment. Haywood subsequently filed a petition to rehear, which was denied. Haywood now appeals.

On appeal, Haywood argues that the trial court erred in dismissing his petition. He contends that he is entitled to declaratory judgment under the UAPA because the disciplinary board acted illegally and arbitrarily in reaching the decision to convict him. Haywood also asserts that the trial court had jurisdiction to review his petition for writ of certiorari because he filed the petition within sixty days after his petition for declaratory order was denied by TDOC.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claim. *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). The grant of a motion to dismiss may be affirmed only if the allegations in the plaintiff's complaint, even if taken as true, fail to state a claim

upon which the plaintiff would be entitled to relief. ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997). Therefore, in reviewing a trial court's grant of a motion to dismiss, all factual allegations are taken as true, and the trial court's conclusions of law are reviewed *de novo* on the record with no presumption of correctness. ***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999).

A prisoner disciplinary proceeding is by definition not a contested case subject to direct review under the UAPA. Tenn. Code Ann. § 4-5-106(b). The proper method for challenging a disciplinary action is a petition for a common law writ of certiorari, which must be filed within sixty days from the entry of the disputed order or judgment. *See* ***Rhoden v. State Dep't of Correction***, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998), *perm. to appeal denied* Jan. 25, 1999; Tenn. Code Ann. 27-9-102. This sixty-day time period includes the final affirmation by the Commissioner of Corrections. ***A'La v. Tennessee Dep't of Corrections***, 914 S.W.2d 914 (Tenn. Ct. App. 1995), *perm. to appeal denied* Jan. 8, 1996. Failure to file within the sixty-day period results in a disciplinary board's decision becoming final, and deprives a reviewing court of jurisdiction to entertain the merits of the case under a writ of certiorari. ***Fairhaven Corp. v. Tennessee Health Facilities Comm'n***, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976), *cert. denied* Aug. 16, 1976.

Haywood categorizes his petition for declaratory judgment as a challenge of the "illegal" and "arbitrary" actions of the disciplinary board and other prison officials in finding him guilty. The basis of his petition is that he should not have been found guilty because there was no evidence that he participated in the assault. He essentially challenges the outcome of the disciplinary proceeding, his conviction and punishment. Such a review is statutorily excluded from the UAPA's definition of a contested case and declaratory judgment is not available. ***See Rhoden***, 984 S.W.2d at 956; Tenn. Code Ann. § 4-5-106(b).

Haywood agues that his petition for writ of certiorari was timely filed because it was filed within sixty days of TDOC's denial of his petition for a declaratory order. However, as set forth above, prisoner disciplinary proceedings cannot be reviewed directly under the Uniform Administrative Act. ***See Rhoden***, 984 S.W.2d at 956. Therefore, Haywood's final administrative appeal was exhausted when the Commissioner of Corrections affirmed the conviction on November 25, 1998. Since Haywood did not file his petition until April 19, 1999, nearly five months after the Commissioner affirmed the conviction, it was time-barred and the trial court properly dismissed the petition for lack of jurisdiction.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Mario Haywood, and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE