IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief December 6, 2001

## VANCES H. SMITH v. WARDEN FRED FIGUEROA

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9382      Jon Kerry Blackwood, Judge**

---

**No. W2001-01572-COA-R3-CV - Filed January 25, 2002**

---

This is an appeal from the trial court's order dismissing a petition for writ of certiorari.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Vances H. Smith, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellee, Fred Figueroa.

### MEMORANDUM OPINION[1]

        The petitioner, Vances H. Smith, filed a petition for writ of certiorari.  The respondent, Fred Figueroa, filed a motion to dismiss on the basis that the petition failed to state a claim upon which relief can be granted pursuant to rule 12.02(6) of the Tennessee Rules of Civil Procedure and for failure to timely file the petition as required by section 27-9-102 of the Tennessee Code.  The trial court granted the motion to dismiss finding that the petition was not timely filed and that the punishment did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Citing ***Sandin v. Conner***, 515 U.S. 472 (1995).  The issue before this Court is whether the trial court erred in granting the motion to dismiss.

        It is alleged in the petition that Mr. Smith is confined as a prisoner at the Whiteville Correctional Facility (WCF), a private prison owned and operated by Corrections Corporation of

---

[1]This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

America (CCA). The respondent, Mr. Figueroa, is identified as the warden of WCF and, as such, is responsible for the care, custody and discipline of all prisoners confined therein.

The petition alleged that in November 1999, Petitioner was served with a major conduct report alleging a violation of sexual misconduct contrary to the prison's policies and procedures. In December 1999, it is alleged that a full due process hearing was held wherein Petitioner plead not guilty. The disciplinary committee found Petitioner guilty and imposed a penalty of thirty days disciplinary segregation. In January 2000, Petitioner appealed that decision to the warden. In April 2000, no decision having been rendered by the warden on Petitioner's appeal, because over 30 days had expired, Petitioner considered the appeal denied. It is alleged that there are no further available remedies after the warden's decision as that decision is final.

The petition further alleges that in September 2000, Petitioner was served with a copy of a major conduct report alleging a violation of contraband contrary to CCA's policies and procedures. Petitioner plead not guilty and, after a full due process hearing was held in October 2000, Petitioner was found guilty as charged and sentenced to 30 days of punitive segregation and recommended placement into administrative segregation for 180 days. In November 2000, Petitioner filed an appeal to the warden. In January 2001, since no answer had been rendered by the warden on the Petitioner's appeal, Petitioner has considered the appeal as denied. Again the petition recites that there are no other available remedies after the warden's decision as that decision is final.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). However, "inferences to be drawn from the facts or the legal conclusions set forth in a complaint are not required to be taken as true." *Id.* at 47-48 (citing *Dobb v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994). The motion should be denied unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919 (Tenn. 1999).

This Court recently addressed the timeliness of filing petitions for writs of certiorari in *Hickman v. Tennessee Board of Paroles*, No. M2000-02846-COA-R3-CV, 2001 WL 1222259, at *4, (Tenn. Ct. App. Oct. 16, 2001) ( *perm. app. pending*) as follows:

> Tenn. Code Ann. § 27-9-102 (2000) requires that petitions for both common-law and
> statutory writs of certiorari be filed within sixty (60) days from the entry of the order

or judgment for which review is sought. The purpose of this provision is to promote the timely resolution of disputes by establishing filing deadlines that will keep cases moving through the system. *Levy v. Board of Zoning Appeals*, No. M1999-00126-COA-R3-CV, 2001 WL 1141351, at *4-5 (Tenn. Ct. App. Sept. 27, 2001); *State ex rel. Sizemore v. United Physicians Risk Retention Group*, ___ S.W.3d ___, ___, 2001 WL 360698, at *6 (Tenn. Ct. App. 2001) (discussing the purpose of deadlines generally). Tenn. Code Ann. § 27-9-102's deadline has been analogized to the deadline for filing a notice of appeal under Tenn. R. App. P. 4(a). *Thandiwe v. Traughber,* 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Accordingly, like a notice of appeal, failure to file a petition for common-law writ of certiorari within the time required by Tenn. Code Ann. § 27-9-102 causes the party filing the petition to forfeit its right to seek judicial review and requires the courts to decline to exercise their jurisdiction to grant the writ because the petition is time-barred. *A'la v. Tennessee Dep't of Corr.,* 914 S.W.2d 914, 916 (Tenn. Ct. App. 1995) (holding that a petition filed longer than sixty days after a final order is not timely filed); *Brannon v. County of Shelby,* 900 S.W.2d 30, 34 (Tenn. Ct. App. 1994) (holding that a petition not filed within sixty days is time-barred).

*Id*. at *4. In that case, petitioner wrote a letter dated March 20, 2000 to the Board's chairman requesting a mandatory parole date or, in the alternative, a parole hearing before the board. The board's chairman never responded to that letter and the petition was filed on May 2, 2000. The court noted that administrative agencies should not be permitted to hide behind a wall of silence and therefore treated the refusal to respond to the petitioner's March 20, 2000, letter as a denial of his request for a mandatory parole date. Therefore, the court found that the petition was timely filed. In the case before us, the petitioner likewise alleges that Warden Figueroa failed to respond to either of his appeals. However, the Petitioner further states that he considered his first request for appeal denied in April 2000 and his second request denied January 2001. The petition was filed April 20, 2001. Since the petition alleges that Petitioner considered the appeals to be denied as of that date, we hold that his time for filing petitions began to run on those dates. The petition was not filed within the sixty days as required by statute.

With respect to Petitioner's claim of deprivation of due process, this Court stated recently in *Robinson v. Clement*, No. M2001-00365-COA-R3-CV, 2001 WL 965092, at *4 (Tenn. Ct. App. Aug. 27, 2001) (*perm. app. denied*), as follows:

Disciplinary proceedings are an ordinary part of prison life. The United States Supreme Court has held that a prisoner's due process rights are implicated only when a disciplinary action imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995), that results in a "major disruption" of the prisoner's environment. *Sandin v. Conner*, 515 U.S. at 486, 115 S. Ct. at 2301.

Tennessee's courts have adopted the *Sandin v. Conner* rationale with regard to appeals from prison disciplinary decisions. *Henderson v. Lutche*, 938 S.W.2d

428, 430-31 (Tenn. Ct. App. 1996). Accordingly, we have heretofore determined that placement in maximum security, small fines, loss of good time credits, and loss of prison employment, either separately or in combination, do not impose a significant enough hardship to trigger due process concerns. *Seals v. Bowlen*, 2001 WL 840271, at *6 (placement in maximum security, $5 fine, ten days in punitive segregation, and loss of one month of good time credits); *Buford v. Tennessee Dep't of Corr.*, No. M1998-00157-COA-R3-CV, 1999 WL 1015762, at *5 (Tenn. Ct. App. Nov. 10, 1999) (No Tenn. R. App. P. 11 application filed) (fifteen days punitive segregation, $4 fine, and four-month package restriction); *Blackmon v. Campbell*, No. 01A01-9807-CH-00361, 1999 WL 85518, at *2 (Tenn. Ct. App. Feb. 23, 1999) (No Tenn. R. App. P. 11 application filed) (removal from a prison job).

*Id*. at *4.

Finally, the appellant argues on appeal that the trial court should have treated his petition as an action for declaratory judgment. After reviewing the petition, we disagree. However, if the petition were to be construed as a declaratory judgment action, it would likewise be time barred as we have found the petition for writ of certiorari to be. *See Bishop v. Tennessee Dep't of Corrections*, 896 S.W.2d 557 (Tenn. Ct. App. 1994).

The decision of the trial court dismissing the petition in this cause is affirmed. Costs of this appeal are taxed to the Appellant, Vances H. Smith, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE