IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 26, 2003

## SIERRA SUMMERALL v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 02-1282-I     Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2002-02033-COA-R3-CV - Filed April 12, 2004**

---

This appeal arises from a prisoner disciplinary proceeding at the West Tennessee State Penitentiary. After a disciplinary board punished him for possession of marijuana, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County asserting that the Department of Correction had deprived him of due process by substantially departing from its Uniform Disciplinary Policies. The trial court dismissed the petition because it was not timely filed. The prisoner has appealed. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Sierra Summerall, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Stephen R. Butler, Assistant Attorney General, for the appellees, Tennessee Department of Correction, Lt. Cheryl Hargett, James M. Dukes, and Donal Campbell.

### MEMORANDUM OPINION[1]

Sierra Summerall is currently incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee. On February 10, 2002, he was charged with possession of marijuana. Following a hearing on February 12, 2002, a three-member disciplinary board found Mr. Summerall

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

guilty of drug possession and imposed a four dollar fine and the loss of ten days of sentence credits. Mr. Summerall appealed to the warden, and the warden affirmed the disciplinary board's decision on February 22, 2002.

Rather than seeking judicial review of the board's decision, Mr. Summerall decided to appeal to the Commissioner of Correction. However, on March 5, 2002, the Commissioner informed him that the Uniform Disciplinary Policies did not contemplate appeals to the Commissioner in cases like this because the length of his sentence had not actually been extended by the deduction of his sentence credits.[2]

Mr. Summerall waited until April 29, 2002 – seventy-six days after the disciplinary board's decision – to file a common-law writ of certiorari in the Chancery Court for Davidson County seeking judicial review of the disciplinary proceedings.[3] The Department moved for a summary judgment on the ground that Mr. Summerall had failed to file his petition within sixty days after the disciplinary board's decision as required by Tenn. Code Ann. § 27-9-102 (2003). The trial court granted the Department's motion and dismissed Mr. Summerall's petition. Mr. Summerall has appealed.

There are no genuine disputes regarding material facts in this case. All parties agree that Mr. Summerall did not file his petition for common-law writ of certiorari until seventy-six days after the prison disciplinary board handed down its final decision. However, Mr. Summerall asserts the time for filing his petition for writ of certiorari did not begin to run until the Commissioner notified him that the Uniform Disciplinary Policies did not permit his appeal to the warden. This argument is not well-taken because the time within which to seek judicial review of a prison disciplinary decision begins to run from the date of the disciplinary board's decision. *Bonner v. Tennessee Dep't of Corr.*, 84 S.W.3d 576, 582 (Tenn. Ct. App. 2001). A mistaken appeal to the Commissioner of Correction does not toll the running of the time within which the petition for writ of common-law certiorari must be filed.

Tenn. Code Ann. § 27-9-102's deadline for filing a petition for common-law writ of certiorari, like Tenn. R. App. P. 4(a)'s deadline for filing a notice of appeal, is mandatory and jurisdictional. *Hickman v. Tennessee Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001); *A'La v. Tennessee Dep't of Corr.,* 914 S.W.2d 914, 916 (Tenn. Ct. App. 1995); *Brannon v. County of Shelby,* 900 S.W.2d 30, 34 (Tenn. Ct. App. 1994). The courts cannot consider prisoners' petitions

---

[2]Tenn. Dep't Corr. Policy Index No. 502.01(VI)(F)(2) (2001).

[3]Mr. Summerall filed his petition in the wrong county. In *Hawkins v. Tennessee Dep't of Corr.*, 127 S.W.3d 749, 765 (Tenn. Ct. App. 2002), we construed Tenn. Code Ann. § 41-21-803 (1997) to require that a lawsuit for a cause of action accruing while a prisoner is incarcerated must be brought in the county where the facility housing the prisoner is located. Although Mr. Summerall was housed at the West Tennessee State Penitentiary in Lauderdale County when he filed his complaint in the Davidson County Chancery Court, which was the incorrect court, we will not vacate the judgment in this case on those grounds because Mr. Summerall filed his petition before our decision in *Hawkins* was filed. Furthermore, none of the parties raised the application of Tenn. Code Ann. § 41-21-803 either in the trial court or on appeal.

filed past Tenn. Code Ann. § 27-9-102's deadline.  Accordingly, the trial court properly dismissed Mr. Summerall's petition.

We affirm the dismissal of Mr. Summerall's petition for writ of certiorari and remand the case to the trial court.  We tax the costs of this appeal to Sierra Summerall, and we also find that his petition for common-law writ of certiorari and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., J.