IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 12, 2009

**BARRY ARMISTEAD v. TENNESSEE DEPARTMENT OF
CORRECTIONS, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 07-2469-II     Carol L. McCoy, Chancellor**

_____

**No. M2008-02107-COA-R3-CV - Filed August 18, 2009**

_____

Inmate filed a petition for certiorari, seeking a review of a decision of the prison disciplinary review board, affirmed by the Commissioner of Corrections, finding him in violation of Tennessee Department of Corrections policy.  The trial court dismissed the petition for lack of jurisdiction, finding it was not filed within sixty days of the entry of the order for which review was sought. Finding no error, we affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR, J., joined.

Barry L. Armistead, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Kellena Baker, Assistant Attorney General,  Nashville, Tennessee, for the appellee, Tennessee Department of Corrections.

**OPINION**

Petitioner, an inmate at the Riverbend Maximum Security Institution at the time of the events involved in this case, appealed to the warden of the facility the decision of the prison disciplinary board finding him guilty of falsifying a document, contraband, refusing a direct order and violation of a Tennessee Department of Corrections ("TDOC") policy regarding internet access.  The warden affirmed the decision of the disciplinary board.  Petitioner thereafter appealed the convictions to the TDOC Commissioner, who denied the appeal.  Petitioner then filed a Petition for a Common Law Writ of Certiorari in Davidson County Chancery Court.

The Department of Corrections filed a motion to dismiss the petition on the grounds that the petition was not filed within the sixty-day limitation period required by Tenn. Code Ann. § 27-9-102

and that the petition was not properly verified. The trial court granted the motion based on the failure to file the petition within the sixty-day limitation period. Petitioner appeals to this Court.

## I. Discussion

The dismissal of an action for failure to state a claim presents a question of law for the trial court; accordingly, our review of the trial court's determination is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

Tenn. Code Ann. § 27-9-102 provides that a party seeking certiorari review must file a petition within 60 days of the order or judgment for which review is sought. This statutory requirement is jurisdictional and, unless the petition is timely filed, the court has no power to consider it. *Thandiwe v. Traughber*, 909 S.W.2d. 802, 804 (Tenn. Ct. App. 1994); *Washshukru Al-Jabbar A'la v. Tennessee Dep't. of Corr.*, 914 S.W.2d. 914, 916 (Tenn. Ct. App. 1995).

The record in this case shows that the TDOC Commissioner denied Petitioner's appeal on August 22, 2007, and that the petition was filed in Davidson County Chancery Court on November 1, 2007, more than sixty days after the date of the decision for which review was sought. As such, the petition was not timely filed; consequently, the Chancery Court was without subject matter jurisdiction and properly dismissed the petition as being untimely filed.

The trial court also determined that the petition did not include a statement verifying that the contents of the petition were true and that Petitioner's motion to amend the petition to add the appropriate language was, in light of the untimeliness of the filing of the petition, moot. The trial court did not err in this regard.

State constitutional and statutory provisions exist which set out the requirements that must be satisfied when filing a common law writ of certiorari.

Tenn. Const. Art. VI, § 10 states:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*. (Emphasis added).

Substantially the same language appears in Tenn. Code Ann. § 27-8-104(a). The verification requirement is separate from the requirement that the petition be sworn to; the verification

requirement is met by including certain language in the petition. *See Wilson v. Tenn. Dep't. Of Corr.,* 2006 WL 325933, at \*3 (Tenn. Ct. App. Feb. 13, 2006).[1]

The petition, while notarized, was not verified as required by Tenn. Const. Art. VI, § 10 and Tenn. Code Ann. § 27-8-104(a). Failure to comply with these constitutional and statutory provisions constitutes grounds for dismissal of the petition. *Bowling v. Tenn. Bd. of Paroles,* 2002 WL 772695, at \*2 (Tenn. Ct. App. Apr. 30, 2002); *Hughes v. NECX Disciplinary Bd. Members,* 2006 WL 656789, at \*3 (Tenn. Ct. App. March 16, 2006).

For the foregoing reasons, we affirm the judgment of the trial court. We remand the case to the trial court for the collection of costs assessed in that court. Costs of this appeal are assessed to petitioner, Barry Armistead.

_____
RICHARD H. DINKINS, JUDGE

---

[1] "A requirement that a petitioner swear to the contents of his petition under oath necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true. *See D.T. McCall & Sons v. Seagraves,* 796 S.W.2d 457, 462-63 (Tenn.Ct.App.1990). Notarization and verification are distinct concepts. *Underwood v. Tenn. Dep't of Corr.,* No. W2004-01630-COA-R3-CV, 2005 Tenn.App. LEXIS 23, at \*5, 2005 WL 123501 (Tenn.Ct.App. Jan. 20, 2005), *appeal denied,* 2005 Tenn. LEXIS 723 (Tenn. Aug. 22, 2005). '[A] verification establishes the truth of the document's contents,' *D.T. McCall & Sons,* 796 S.W.2d at 463, whereas notarization acknowledges the proper execution of a document," *Underwood,* 2005 Tenn.App. LEXIS 23, at \*5, 2005 WL 123501.'

*Wilson,* 2006 WL 325933 at \*3.